WILLIAM B. CANFIELD et al., Respondents, *v.* THE BALTIMORE AND OHIO RAILROAD COMPANY, Appellant.

In an action against a common-carrier to recover for goods alleged to have been abstracted from packages delivered to him for transportation, which packages are duly delivered to the consignee, the burden is upon plaintiff to show that the goods were abstracted while the packages were in the possession of defendant, and before delivery; it is not sufficient to show a state of facts as consistent with the occurrence of the loss after as before the delivery.

In an action against a railroad company to recover for property alleged to have been delivered to defendant for transportation, and to have been lost by defendant's negligence, plaintiffs' evidence was to the effect that the goods lost were properly packed in one of eighteen boxes which were delivered to a cartman to take to defendant's depot, and that one of the parties interested in them, who was dead at the time of trial, was with the cartman when the boxes were delivered to defendant. The boxes reached their destination and were delivered to the consignees. The cartman who received them testified that the packages were in good condition as far as he knew, and there was nothing broken open or in bad order. Some two or three days after delivery, on opening the box and discovering the loss, the box was then first examined particularly, and the discovery was made that it had been opened and the nails redriven. No evidence was given as to the care taken of the boxes from the time of delivery to that of the discovery of the loss. *Held*, that the evidence was sufficient to authorize the submission to the jury of the question as to the delivery of the lost goods to defendant; but that there was no legal proof upon which a finding could be based that the goods were abstracted while the packages were in defendant's possession; and that a denial of a motion to dismiss the complaint was error.

The court charged, in substance, that although there was no positive proof that the goods were actually in the box when it was delivered to defend-

ant, or that it did not deliver the box in the exact condition in which it received it, it was for the jury to determine, with the facts before them, whether defendant was responsible for the loss ; *held*, error.

*Canfield* v *Balt. and Ohio R. R. Co.* (11 J. & S., 562), reversed.

(Argued September 25, 1878 ; decided November 12, 1878.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, affirming a judgment in favor of plaintiffs, entered upon a verdict, and affirming an order denying a motion for a new trial. (Reported below, 11 J. & S., 562.)

This action was brought to recover damages for the loss of a quantity of jewelry which was alleged to have been abstracted from one of eighteen boxes, which, with a barrel, were delivered to defendant, at Washington, by one Evers, to be transported to New York and delivered to the consignees, Sackett, Davis & Co., in that city.

The facts appear sufficiently in the opinion.

*Austen G. Fox*, for appellant.   The complaint should have been dismissed because plaintiffs failed to prove that the goods were lost by defendant. (*Mid. R. Co.* v. *Bromley*, 17 C. B., 372, 380, 382.) The limitation in the bill of lading that defendant should carry the goods at the risk of the owner was binding on plaintiffs. (*Grace* v. *Adams*, 100 Mass., 560; *Blossom* v. *Dodd*, 43 N. Y., 264; *Belger* v. *Dinsmore*, 51 id., 166; *Steers* v. *Liv.*, *N. Y. and P. S. S. Co.*, 57 id., 1; *Magnin* v. *Dinsmore*, 56 id., 168; *Kirkland* v. *Dinsmore*, 62 id., 171.) The burden was upon plaintiffs to show that the loss of the goods was caused by defendant's negligence. *Moore* v. *Evans*, 14 Barb., 524; *French* v. *Buff.*, *N. Y. and E. R. R. Co.*, 4 Keyes, 108; *N. J. St. Nav. Co.* v. *Merchants' Bk.*, 6 How. [U. S.], 344; *B. and O. R. R. Co.* v. *Rathbone*, 1 W. Va., 87.). The evidence failed to show that the loss was caused by defendant's negligence. (*Met. R. Co.* v. *Jackson*, L. R. 3 App. Cas., 193, 198; *French* v. *B.*, *N. Y. and E. R. R. Co.*, 4 Keyes, 108; *Read* v. *Spaulding*, 30 N. Y., 630.) Plaintiffs' evidence being as consistent with the absence as with the existence of any negligence on the

part of defendant that caused the loss they failed to establish it. (*Baulec* v. *N. Y. and H. R. R. Co.*, 59 N. Y., 356, 366; *Midland R. Co.* v. *Bromley*, 17 C. B., 372; *Metropolitan R. Co.* v. *Jackson*, L. R. 3 App. Cas., 193.)

*Benjamin Estes,* for respondents. Defendant was guilty of gross negligence in delaying the goods so long and affording opportunity for them to be stolen. (*Bostwick* v. *Balt. and O. R. R. Co.*, 45 N. Y., 712, 717 ; *Michaels* v. *N. Y. C. R. R. Co.*, 30 id., 564; *Read* v. *Spaulding*, 30 id., 630; *Condict* v. *Grand Trunk R. R. Co.*, 54 id., 502.) It was not necessary for plaintiffs to prove affirmatively that the goods were lost through defendant's negligence ; the *onus* was upon defendant to account for their loss and to show that they were not lost through its negligence. Failure to deliver is *prima facie* evidence of negligence. (*Curtis* v. *R. and S. R. R. Co.*, 18 N. Y., 543; *Westcott* v. *Fargo*, 6 Lans., 319; *Mangin* v. *Dinsmore*, 56 N. Y., 168–174 ; *N. Y. S. Nav. Co.* v. *Mer. Bk.*, 6 How., 387, 423; *Beardsley* v. *Richardson*, 11 Wend., 25–27; *Burnell* v. *N. Y. C. R. R. Co.*, 45 N. Y., 185; *Bostwick* v. *Balt. and O. R. R. Co.*, 45 id., 712, 717.) A consignor of goods is not obliged to volunteer any information to the carrier. A common-carrier can only limit its liability by express agreement with the owner of the goods when he delivers them for transportation. (*Gorham Manf. Co.* v. *Fargo*, 55 Superior Ct. [3 J. & S.],439; *Orange Co. Bk.* v. *Brown*, 9 Wend., 115; *Sewall* v. *Allen*, 6 id., 349; *Hollister* v. *Nowlen*, 19 id., 245; *Cole* v. *Goodwin*, 19 id., 265; *Walker* v. *Jackson*, 10 M. & W., 168; Angel on Carriers, § 264 ; Story on Bailments, § 567; 2 Kent Com., 603, 604.) A common-carrier can only limit its liability by express agreement with the owner of the goods delivered to it. (*Dorr* v. *N. J. Steam Nav. Co.*, 11 N. Y., 485; *Blesson* v. *Dodd*, 43 id., 264, 267 ; *Alexander* v. *Greene*, 7 Hill, 533, 546; *French* v. *B., N. Y. and E. R. R. Co.*, 4 Keyes, 108; *N. J. S. Nav. Co.* v. *Mer. Bk.*, 6 How. [N. S.], 344; *Schuffelin* v. *Harvey*, 6

Johns., 170, 179; *Prentice* v. *Decker*, 49 Barb., 21, 30; *York Co.* v. *Cen. R. R. Co.*, 3 Wall., 109; *Gilluame* v. *Ham. and Am. P. Co.*, 42 N. Y., 212; *Magnin* v. *Dinsmore*, 56 id., 160; *Steming* v. *Erie Railway*, 43 id., 126.) Defendant's failure to offer evidence to account for the loss of the goods, and its failure to call witnesses to establish a meritorious defense should be taken as a strong circumstance against it. (*Alexander* v. *Greene*, 7 Hill, 533, 574; *Sherwin* v. *McKee*, 5 Robt., 704; *Burnell* v. *N. Y. C. R. R. Co.*, 45 N. Y., 184.) No presumption can be indulged in in favor of a common-carrier exempting it from common-law liability. (*Edsall* v. *C. and A. Co.*, 50 N. Y., 661; *Westcott* v. *Fargo*, 6 Lans., 328.) As there was no evidence showing a deduction in defendant's compensation an exception in the contract relieving it from liability was invalid. (*Bissell* v. *N. Y. C. R. R. Co.*, 25 N. Y., 449; *Nevins* v. *Bay State Steamboat Co.*, 4 Bosw., 225, 236; 2 Pars. on Cont. [5th ed.], 175.)

HAND, J. At the close of the plaintiffs' evidence, and again when all the evidence was in, the defendant asked for a dismissal of the complaint on the general ground that the plaintiffs had not proved any facts sufficient to constitute a cause of action against it; and more specifically that they had not proved either that the goods lost had been delivered to the defendant or that they had been lost by the negligence of the defendant.

I have come to the conclusion, although with some hesitation, that the evidence permitted the jury to find that the property was delivered to the defendant at Washington. It was proved that it was properly packed in one of the eighteen boxes and it was admitted that these boxes and a barrel were delivered to a cartman to be taken to the depot of the defendant, and that Evers one of the parties interested in them (who was dead at the time of the trial), left the store with the cartman. There is no direct proof that the goods lost were in any one of the packages when those packages were received by the defendant; but I think that in the

absence of evidence of any suspicious circumstances or of any appearance of breaking into or disturbance of the packages when so received, and upon the presumption that their contents continued the same as when they left the store of De Wolf, a finding to that effect was authorized. (*Smith* v. *Railroad Company*, 43 Barb., 225; *Earle* v. *Wilkins*, 44 N. Y., 172, 191–192.)

I cannot think however that there was any legal proof upon which a finding could be based that the goods were abstracted from the packages while in the possession of the defendants or the Pennsylvania R. R. Co. and before they were delivered to Sackett, Davis & Co. in New York. This was necessary to be shown by the plaintiffs as a condition of their recovery against the defendant. The burden was upon them to prove it and there was no presumption in their favor in regard to it. The affirmative resting upon them, it was not sufficient for them merely to show a state of facts as consistent with the loss having occurred after as before the delivery of the property in New York, yet this is the most that can be made of the evidence. The cartman selected by Evers to receive the goods from the defendant swears that the packages were delivered to him in good condition as far as he knew, that there was nothing broken open or in bad order, and that he saw them placed in the basement of the store of Sackett, Davis & Co. in the same condition. No evidence whatever was given by the plaintiffs with regard to the care taken of the packages from that time until one of them was discovered to have been broken open. Nothing was shown as to the security of the basement, how it was fastened, how it was guarded, who and how many had access to it and to these packages. How long it was after the delivery and before the discovery of the abstraction does not very clearly appear, but the time was certainly sufficient to permit without any great improbability the breaking open and removal of these goods from the package. One of the plaintiffs, Canfield, swears that he cannot state precisely, but that it was one or two days after their arrival

that he first saw the boxes in the basement and that when this box was opened and the articles missed he then first examined the box particularly and saw that it had been broken and the nails redriven. And although one of the plaintiffs' witnesses does state that Evers "worked about an hour" in opening the goods the same day they were delivered, he does not testify that the package supposed to contain the missing goods was opened, examined, or even seen by Evers that day and as he admits that Canfield was present he probably conflicts with that plaintiff himself as to the date. But it was uncontradicted that Sackett, Davis & Co. themselves informed the clerk of the defendant that the box was not opened until the afternoon of the third day after its delivery into their basement.

These proofs, taking the view of them most favorable to the plaintiff, tended quite as strongly to show that the goods were abstracted while in the basement as while in the hands of the defendant. The presumption, if any, was that they continued in the box, as they were delivered to the defendant, until after its delivery in New York, and the burden being upon the plaintiffs to prove affirmatively the loss while in the defendant's control, they failed to do so.

This conclusion perhaps renders it unnecessary to consider any other question in the case. But we are of the opinion that the judgment should be reversed on the additional ground of error in that part of the judge's charge in which he instructs the jury that although there was no positive proof that "the missing goods were actually in the box at the time it was placed in their possession or that they did not deliver the box in the exact condition in which they received it, it is for you to say as business men with all the facts before you, many of you no doubt being acquainted with the custom as to shipping goods, whether the defendants are responsible for the loss of the goods." This was, I think, sufficiently excepted to by the defendant and clearly tended to mislead the jury. It withdrew their attention from the material questions of fact: whether the goods had ever been

received by the defendant; and if received had been lost while in its possession, and invited them to find a verdict based upon their own knowledge of the custom as to shipping goods and upon their opinions as business men as to the responsibility of the defendants for the loss of the goods. Such instruction was too manifestly wrong to require comment.

The judgment must be reversed and new trial granted, costs to abide the event.

All concur, except MILLER and EARL, JJ., absent at argument.

Judgment reversed.