### HIRSCH v. HUDSON RIVER LINE.

(Supreme Court, Appellate Term. March 24, 1899.)

CARRIERS—GOODS LOST—EVIDENCE.
     A carrier cannot be held liable for goods abstracted from a package, in the absence of evidence that the loss did not occur after delivery by it of the package to the persons sent therefor by the owner.

Appeal from municipal court, borough of Manhattan, Ninth district.

Action by Francis Hirsch against the Hudson River Line. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVEN-TRITT, JJ.

Abram Van Santvoord, for appellant.
Joel M. Marx, for respondent.

FREEDMAN, P. J. The facts in this case are undisputed, and upon those facts the judgment must be reversed. There is an entire absence of proof in the case showing that the loss of the articles claimed in the complaint did not occur between the time of the delivery by the defendant to the persons sent by the plaintiff to take the goods from the possession of the defendant and the time of the delivery of the package from which the articles were missing to the plaintiff. "In an action against a common carrier to recover for goods alleged to have been abstracted from packages delivered to him for transportation, which packages were duly delivered to the consignee, the burden is upon the plaintiff to show that the goods were abstracted while the packages were in the possession of the defendant, and before delivery; it is not sufficient to show a state of facts as consistent with the occurrence of the loss after, as before, delivery." Canfield v. Railroad Co., 75 N. Y. 144.

Judgment reversed, new trial ordered, with costs to the appellant to abide the event. All concur.