## EMDIN v. HAAS.

(Supreme Court, Appellate Term. February 28, 1905.)

BAILMENT—LOSS OF GOODS—LIABILITY OF BAILEE—EVIDENCE—SUFFICIENCY.
    In an action for goods alleged to have been lost or stolen while in defendant's custody, evidence *held* insufficient to show that the loss occurred at this time, and not after the goods had been delivered at plaintiff's hotel.

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by Dora E. Emdin against Leopold Haas. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before SCOTT, GIEGERICH, and McCALL, JJ.

Max Bayersdorfer, for appellant.
Hunt, Small & Ingle, for respondent.

PER CURIAM. We are of opinion that the plaintiff did not sustain the burden of proof, in that she offered no evidence to exclude the possibility that the garment was abstracted from the box after delivery to plaintiff's hotel. There was positive evidence on the part of defendant and his daughter that the garment had been packed in the box, and equally positive evidence on the part of the expressman that the box was in precisely the same condition when delivered at the hotel that it had been when received by him. There is no evidence as to the hour at which delivery was made at the hotel, and it appears that it was about 9 or 10 o'clock in the evening.

when plaintiff found the box in her room, and, on opening it, discovered that the garment was not in it. The box was a large paste board one, simply tied up with a cord, so that it would have apparently been easy for any one to open it and abstract a garment. This evidence shows a state of facts at least as consistent with the loss having occurred after delivery to the hotel as before. Since the burden rested upon the plaintiff to show affirmatively that the loss occurred before delivery, it is manifest that the burden was not sustained. Canfield v. Balt. & Ohio R. Co., 75 N. Y. 144.

The judgment must be reversed and a new trial ordered, with costs to the appellant to abide the event.