"damage parcel No. 77" for land and for improvements, with direction to the commissioners of assessment to determine whether any portion of the value of this improvement should be charged to the city and to distribute the amount of the award for the building ratably over the total area of property assessed for benefits for the opening of this street.

---

(83 Misc. Rep. 88.)

### BAER et al. v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Term, First Department. December 11, 1913.)

1. CARRIERS (§ 132*)—FREIGHT—ACTION FOR DAMAGES—BURDEN OF PROOF.

To recover damages for injury by dampness to powder shipped by freight, plaintiff must show that the cases became damp while in charge of defendant or a connecting carrier.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 578–582, 605; Dec. Dig. § 132.*]

2. CARRIERS (§ 134*)—INJURY TO FREIGHT—ACTIONS—SUFFICIENCY OF EVIDENCE.

Evidence, in an action against a railroad company for injury by dampness to powder shipped, *held* not to show that the powder was allowed to become damp before it was delivered to the consignee's truckman.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 588–592, 607; Dec. Dig. § 134.*]

Appeal from City Court of New York, Trial Term.

Action by Max Baer and another, copartners doing business as Baer Brothers, against the New York Central & Hudson River Railroad Company. From a judgment for plaintiffs and an order denying a new trial, defendant appeals. Reversed, and new trial ordered.

Argued November term, 1913, before LEHMAN, PAGE, and WHITAKER, JJ.

Alexander S. Lyman, of New York City (William Mann, of New York City, of counsel), for appellant.

House, Grossman & Vorhaus, of New York City (Gerald B. Rosenheim, of New York City, of counsel), for respondents.

LEHMAN, J. [1] The plaintiffs have recovered a judgment for damages caused by the fact that two cases of gold bronze powder, consigned by them to the Calvert Litho Company, were injured by damp or wetness. Obviously the plaintiffs, to sustain the judgment, must show that the cases became damp or wet while in the charge of defendant or a connecting carrier. The evidence shows that the cases were packed in plaintiffs' factory at Stamford, Conn., and shipped to plaintiffs' place of business in New York City. They were examined there by plaintiffs' employés and found in good condition. They were delivered on June 7th to a truckman to be carted to defendant's freight station, and he received a receipt from defendant, stating that the goods were in "apparent good order, contents and condition of contents unknown." They were shipped on a car going to Detroit, and arrived in that city on June 9th.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes·

The evidence shows that there was no delay in transit. They were delivered on June 10, 1911, to William Galow, a truckman employed by the T. R. Collins Trucking Company, and they were then apparently in good condition, and a receipt was signed by the truckman stating that they were in good order. The Collins Trucking Company was the authorized truckman for the consignees and delivered the cases to them. When the cases were examined by the consignees, they were damp on the outside, and wet on the inside.

[2] I think that from the above statement of the testimony it is clear that there is absolutely no evidence that the cases were allowed to become wet or damp before they were delivered to the consignee's truckman. So far as the evidence shows, they were then apparently in the same condition as when received. The mere fact that they were thereafter found to be damaged allows no inference that they were damaged while in the railroad car, in the absence of evidence by the truckman that they did not become damaged while in his possession. The jury's verdict that they were damaged on the railroad therefore rests, not on proof, but on conjecture.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.