### SILVERMAN v. CLEVELAND, C., C. & ST. L. RY. CO.

(Supreme Court, Appellate Term, First Department. March 13, 1916.)

CARRIERS ☞132—CARRIAGE OF GOODS—ACTIONS.

    In an action against a railroad company for the value of goods lost in transit, where the shipment was delivered by the company at destination to a truckman sent by plaintiff, to recover plaintiff must show that the goods were not lost by the truckman.

    [Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 578–582, 605; Dec. Dig. ☞132.]

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Morris R. Silverman against the Cleveland, Cincinnati, Chicago & St. Louis Railway Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Argued February term, 1916, before LEHMAN, WEEKS, and DELEHANTY, JJ.

Alex S. Lyman, of New York City (Frederick L. Wheeler, of New York City, of counsel), for appellant.

Samuel J. Siegel, of New York City (Louis H. Solomon, of New York City, of counsel), for respondent.

PER CURIAM. The action is to recover the value of goods claimed to have been lost in transit. Before plaintiff was entitled to recover, it was incumbent upon him to prove that the loss in question occurred while the goods were in defendant's possession. The missing link in the proof is the care taken of the shipment from the time of its delivery by defendant's connecting carrier to the truckman sent by plaintiff to take, and who did take, the shipment from its possession, to the time when he made delivery thereof to the plaintiff. To make out a complete case there should have been proof that the goods were not lost or stolen while in the possession of the truckman. Canfield v. B. & O. R. R., 75 N. Y. 144; Hirsch v. Hudson R. Line, 26 Misc. Rep. 823, 57 N. Y. Supp. 272; Baer v. N. Y. C. & H. R. R., 83 Misc. Rep. 88, 144 N. Y. Supp. 682.

The judgment should be reversed, and a new trial granted, with $10 costs to appellant to abide the event.