(9 Misc. Rep. 186.)

## MYERSON v. WOOLVERTON.

(Common Pleas of New York City and County, General Term.   June 27, 1894.)

CARRIERS—INJURIES TO BAGGAGE—CONNECTING CARRIERS.

Where a passenger on a railroad train, shortly before reaching his destination, delivered his baggage check to the agent of a transfer company, in order that his baggage might be carried from the depot to his residence, the transfer company and the railroad company are connecting carriers, and the burden is on the transfer company, in an action against it for injuries to the baggage, to show that the injury occurred before it received the baggage from the railroad company.

Appeal from ninth district court.

Action by Emanuel Myerson against William H. Woolverton, as president of the New York Transfer Company, for loss of baggage. From a judgment rendered by the justice, without a jury, in favor of plaintiff, defendant appeals.   Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

J. E. Russell, for appellant.
Richard H. Mitchell, for respondent.

BISCHOFF, J.   The action was brought to recover the value of certain articles alleged to have been lost from the plaintiff's valise when in the custody of the New York Transfer Company,—an association of which the defendant was president,—under a contract for the transportation of the said piece of baggage from the terminus of the Pennsylvania Railroad Company to the plaintiff's place of residence, in the city of New York.   Plaintiff proved the delivery of the valise and contents, intact, to the railroad company, at Portland, Or.; that the baggage check issued to him by the railroad company for the same was delivered to the defendant's agent; that he (the plaintiff) had not seen the valise during the interval between his delivery of it to the railroad company and the defendant's delivery of the same to him; that, when so delivered, it was found to be cut open, and part of its contents discovered to have been abstracted.   One of the defendant's witnesses testified that the valise was received from the railroad company "in good order;" that otherwise it would not have been accepted for transfer by the defendant's company.   It appeared, however, that this "good order" merely implied a sufficient state of repair to enable the baggage to be handled without actual loss of its contents; and the plaintiff's testimony showed that the valise in question was sufficiently strapped to have come within such requirements when delivered to him, although the lock had been broken, and the side slit open with a knife.   The justice below found in favor of the plaintiff for the value of the articles thus lost, and upon this appeal the sole question presented is whether or not a sufficient cause of action was proven; that is, whether or not it was incumbent upon the plaintiff to show that the valise was in good condition, and, with its contents, intact, when delivered to the defendant's company.   From the opinion of the justice, which accompanies his return upon this appeal it appears that the judgment

was based upon the authority of Smith v. Railroad Co., 43 Barb. 225, affirmed 41 N. Y. 620; and the ground taken was, we think, proper.

In the case cited, it was held that where goods are delivered for transportation to a carrier whose line connects with that of another carrier, by which connecting carrier the goods must be transported to reach the intended destination, in order to recover against the latter for injury to the goods in transit, a plaintiff need not show that they were actually delivered by the first to the second carrier in good condition, but, upon proving that they were delivered intact in the first instance, the plaintiff throws upon the defendant the burden of showing that such goods were in fact transferred to him by the first carrier in the condition in which they were by him finally delivered to the plaintiff. The decision proceeds upon the well-established theory that, if the subject-matter of a negative averment lies peculiarly within the knowledge of a certain party to the issue, the averment is taken as true, unless disproved by that party. Fleming v. People, 27 N. Y. 329, 334; Harris v. White, 81 N. Y. 532, 547; Wennerstrom v. Kelly (Com. Pl. N. Y.) 27 N. Y. Supp. 326; Seaman v. Koehler, 122 N. Y. 646, 25 N. E. 353; Wylde v. Railroad Co., 53 N Y. 156. An examination of the authority considered discloses that the contractual connection of the carriers' lines was not a factor in the ratio decidendi. In view of the fact that the plaintiff here surrendered his baggage check to the defendant's company upon the train prior to his arrival, or to the arrival of the baggage, at his destination, and thus parted with his means of control over it, as against the first carrier, consistently with his agreement with the defendant's company, it must be held that the rule laid down in Smith v. Railroad Co., supra, applies in this case, as in the case of any "connecting" carrier. It was here shown that the plaintiff's valise was delivered to the railroad company, at the commencement of the journey, in good and secure condition, and with its contents intact. Thus, it was for the defendant's company to prove that the valise was not so delivered to it, and this it failed to do; the proof given tending rather to strengthen, than to weaken, the presumption raised by the plaintiff's testimony. For further support of the rule that where goods are successively carried, while in transit, by different carriers, the presumption is that they were delivered to the later carrier in as good a condition as they were received by the earlier carrier, see Shriver v. Railroad Co., 31 Am. Rep. 353; Laughlin v. Railroad Co., 9 Am. Rep. 493; Beard v Railroad Co., 79 Iowa, 518, 44 N. W. 800; Dixon v. Railroad Co., 74 N. C. 538; Halliday v. Railroad Co., 41 Am. Rep. 309; Lindley v. Railroad Co. 88 N. C. 547. Upon the evidence the recovery was authorized. The judgment, therefore, must be affirmed, with costs.