## CALDWELL v. ERIE TRANSFER CO.

(Common Pleas of New York City and County, General Term.  June 3, 1895.)

CARRIERS—LIABILITY FOR PASSENGER'S BAGGAGE.
   Receipt by a common carrier of baggage in good condition, and its delivery in a damaged state, impose upon him the burden of exoneration from a prima facie liability.

(Syllabus by the Court.)

Appeal from district court.

Action by Julia Caldwell against the Erie Transfer Company for injury to plaintiff's baggage.  Judgment was entered in favor of plaintiff, and defendant appeals.  Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

Andrew Wesley Kent, for appellant.

Louis J. Vorhaus, for respondent.

PRYOR, J.  In an action against the defendant transfer company (a common carrier) for injury to plaintiff's baggage, the single question is whether the evidence be sufficient to support the judgment for plaintiff.  The injury was from the wetting of the contents of a trunk.  The trunk was brought by railway from Baltimore, and at Communipaw was delivered into defendant's custody for carriage to plaintiff's residence.  The evidence is ample to support the conclusion that, when delivered to the railroad company in Baltimore, the trunk and its contents were in good condition, and that, when examined by the plaintiff at her residence on the day she received them from the defendant, they were damaged by water.  The complaint is of a defect of proof of the condition of the baggage when taken into the defendant's custody.  But it could not have sustained the injury while in transit by rail, for no rain fell during that interval.  Indeed, that, when delivered to defendant, the trunk was in good condition, is established by the testimony of defendant's own servants.  Its superintendent, who saw the trunk in the baggage room, says it was "in good order"; and the driver who received it for delivery to plaintiff swears that it was "perfectly dry."  Waiving, then, the presumption that a connecting carrier receives goods in the condition in which they were delivered to the initial carrier (Myerson v. Woolverton, 9 Misc. Rep. 186, 29 N. Y. Supp. 737), here was positive proof that plaintiff's baggage was uninjured when taken by the defendant.  Receiving the baggage in good condition, and delivering it in bad, it was incumbent on defendant to exonerate itself from liability.  4 Lawson, Rights, Rem. & Prac. § 1860, and citations in note.  Supposing, however, the burden on plaintiff to prove defendant's negligence the cause of the damage, evidence enough was adduced to authorize the inference that the injury was the effect of a careless exposure of the trunk to the perils of a rainstorm.

The judgment, being unaffected by error, and manifestly just, is affirmed, with costs.  All concur.