HANNAH SPRINGER, Appellant, *v.* ROBERT E. WESTCOTT, as President  [2 295 / 19ap367]
    of THE WESTCOTT EXPRESS COMPANY, Respondent.

*Common carriers — injury to baggage — presumption as to the condition of baggage*
    *when received from a railroad company by a transfer express company — burden*
    *of proof.*

In an action brought to recover for damage done to a trunk, it appeared that the
    plaintiff checked her trunk in good order from Troy to New York; that while
    upon the train she gave her check to the agent of the defendant with instruc-
    tions to deliver it at a certain address; that she heard nothing of the trunk
    until three days later when it was delivered to her soiled, broken and empty,
    having upon it the defendant's label.
The defense was that the defendant did not receive the trunk when the train
    arrived, and that it was delivered two days later at the baggage room of the
    railroad company by the driver of Dodd's express when it was in a damaged
    condition, and that the defendant delivered it in that condition. The court
    directed a verdict for the defendant.
*Held,* that the presumption was that the trunk continued in good condition
    while it remained in possession of the railroad company;
That the plaintiff gave *prima facie* proof of the delivery of the trunk to the
    defendant in its original condition, when she showed, by its subsequent
    delivery to her by the defendant, that the defendant after securing her check
    obtained possession of the trunk;
That the burden was upon the defendant to rebut the presumption thus created
    that it received the trunk in the condition in which it was when it was origi-
    nally checked;
That the case should have been submitted to the jury.

APPEAL by the plaintiff, Hannah Springer, from a judgment of
the Supreme Court in favor of the defendant, entered in the office
of the clerk of the county of New York on the 15th day of Novem-
ber, 1895, upon the verdict of a jury rendered by direction of the
court after a trial at the New York Circuit.

*B. F. Einstein* and *C. J. Shearn,* for the appellant.

*Austen G. Fox,* for the respondent.

BARRETT, J. :

Upon Saturday, the 14th of September, 1889, the plaintiff took the
afternoon train upon the New York Central railroad from Troy to the
city of New York. At the same time she checked her trunk to New

York, and delivered it in good order to the railroad company. She arrived here after eight o'clock on the same evening. In the train, upon her way here, she gave her check to the defendant's agent, with instructions to deliver the trunk at an indicated address, and took the usual receipt therefor. She heard nothing further from the trunk until the following Tuesday, when it was delivered to her soiled, broken and empty. It had upon it at this time the defendant's usual yellow label. Upon these facts the plaintiff rested. She thus made out a *prima facie* case. The defendant properly looked upon it in the same light, for he made no motion to dismiss the complaint. The presumption was that the trunk continued in good condition while it remained in the possession of the railroad company. (*Smith* v. *N. Y. Cent. R. R. Co.*, 43 Barb. 228, 229, affd., 41 N. Y. 620; and cited with approval, *Canfield* v. *B. & O. R. R. Co.*, 75 id. 148.)

The burden was upon the defendant of showing how he came to deliver the trunk in its damaged and valueless condition. His claim is that he did not receive the trunk from the railroad company upon the arrival of the train; that he saw nothing of it until the following Monday evening or Tuesday morning, when it was brought to the railroad company's baggage room by the driver of another (Dodd's) express company; that it was then in its damaged and valueless condition, and that thereupon he delivered it in that condition.

The defendant's evidence was by no means conclusive upon these heads. He did not show when he delivered the check to the railroad company. If he delivered it upon Saturday night the presumption was that he thereupon obtained possession of the trunk in good order. If he then gave the check to the company, he should at least have shown that, notwithstanding that fact, he did not actually receive the trunk. In that case he should have also shown how he came to give up the check without receiving the trunk. For certainly the defendant must, as he does, admit that when he receives a passenger's check he does not deliver it up to the railroad company without first getting the baggage. Without that admission, the exclusion of the question put to the defendant's messenger tending to prove the latter fact was clearly error. In the absence, therefore, of any evidence as to when the check was delivered to the company, it must be assumed that it was delivered, and the trunk thereupon received, in the ordinary course of business, namely,

upon the arrival of the plaintiff's train upon Saturday evening, or at least upon the arrival of the train following.

What transpired upon Monday night or Tuesday morning is also left in doubt. The driver of Dodd's express was not called as a witness, nor was the person who actually received the trunk from him. The defendant's agent, who was examined, left it uncertain whether he testified of his own knowledge or from hearsay. He says that he saw the driver of Dodd's express, and saw the trunk; and that when he first saw the trunk upon Tuesday morning it had the defendant's express stamp upon it. Upon the other hand he said that he was not present when the trunk was received, and that its delivery "was reported" to him. When the trunk was actually received is also in doubt. The agent testified at one time that he saw it on Monday night (the sixteenth) for the first time. "That," he added, "was the time that the trunk was brought there by Dodd's express." At another time he testified that he was not present when the trunk was *received on the morning of the seventeenth* (Tuesday). The fact is there was no legal evidence that the trunk was stolen, or that it was brought back to the railroad depot by Dodd's express, or by any one.

The defendant also relies upon certain documentary evidence tending to show, as he contends, that the trunk was missing upon the night when it should have arrived, and also upon subsequent days. The evidence consisted of what are called way bills, upon which it was the duty of the defendant's agent to put a blue star opposite the description of any piece of baggage which was missing. This agent placed a blue star opposite the plaintiff's name and the description of her baggage upon these way bills. He testified that this meant that the particular piece of baggage was "short." Even in this respect his testimony was not entirely clear for he also stated that the star "is put there to show there is some trouble in regard to the piece of baggage; it is either short *or not delivered*, or something of that kind." But even if it meant "short" and nothing else, he testified that the blue mark was made without any personal search. He told many confusing stories on this head, claiming that he made a search either upon Saturday night or Sunday; but after a close cross-examination he in terms retracted all that he had said in that regard, and admitted that so far as his recollection served

him the first time he made personal search for the trunk was upon Monday morning (the sixteenth). We do not think that under these circumstances the marks upon the way bills can have the conclusive effect claimed for them by the defendant. They really do not substantially alter the situation. The defendant had the plaintiff's check, and could only secure the trunk upon the surrender of this check to the railroad company. He did secure possession of the trunk, presumably upon the surrender of the check, and it was for him to show when that surrender occurred. Having secured possession of the trunk, as evidenced by its delivery to the plaintiff, the jury could properly have inferred, in the absence of evidence to the contrary, that such possession was secured in the ordinary course of business. It was not for the plaintiff to account for the delay in the delivery of the trunk, nor for the condition in which it was when so delivered. The presumption that its originally good condition continued while it was in the possession of the railroad company was intensified by its exceptionally bad condition when delivered by the defendant. Trunks may be opened and rifled on a baggage car, but they are not readily covered with mud and filth there. The jury might well have found, upon all the testimony, under appropriate instructions as to the presumptions, that the trunk was received by the defendant in the regular course of business in the same condition in which it was when checked at Troy, and that after this receipt it was, without apparent reason or evidential explanation, delivered to the plaintiff in its damaged and valueless condition. We cannot conceive upon what principle or view of the evidence the case was withdrawn from the jury. The plaintiff was, undoubtedly, bound to prove delivery of the trunk to the defendant in its original condition. But she did so *prima facie* when she proved that, after securing her check for the purpose of obtaining possession of the trunk from the railroad company, such possession was obtained, as evidenced by the delivery to her. As the presumption was that the railroad company delivered the trunk to the defendant in the same condition in which it was when checked, the burden was upon the defendant of rebutting that presumption by competent and satisfactory proof. It would be an extraordinary rule which would require a traveler, after the delivery to him, under such circum-

stances, of his trunk in a damaged state, to go back over the entire route, and prove that the railroad company had not robbed him, and that the express company had. If there was an outside robbery, surely the burden was upon the defendant to show that·that robbery happened prior to his receipt of the trunk. It is impossible to say that the defendant here so clearly established the latter fact, or so conclusively rebutted the presumptions arising from his delivery of the trunk after the receipt of the plaintiff's check, as to warrant the withdrawal of the case from the jury.

The judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

VAN BRUNT, P. J., RUMSEY, O'BRIEN and INGRAHAM, JJ., concurred.

Judgment reversed and new trial ordered, with costs to the appellant to abide the event.