(Supreme Court, Appellate Term, First Department. March 23, 1896.)

CARRIERS—INJURY TO BAGGAGE—CONNECTING LINES.

Where passenger baggage is checked through to any point upon a coupon ticket for a continuous passage over several connecting lines of railroad, and is delivered in a damaged condition, that company only is liable upon whose road the baggage is injured. The owner may, however, sue the company in whose custody he finds it damaged, and may recover without proving that the company received it uninjured, the original good condition being presumed to continue; but the presumption may be rebutted by proof on the part of the company that the property was damaged when received by the defendant, in which case defendant is exonerated.

(Syllabus by the Court.)

Appeal from Sixth district court.

Action by Edwin R. Fox against the Wabash Railway Company. Judgment for defendant. Plaintiff appeals. Affirmed.

Appeal by the plaintiff from a judgment of the Sixth district court in favor of the defendant. The action was brought to recover the value of certain articles contained in a valise which was checked for the plaintiff in El Paso, Tex., to Detroit, upon a coupon ticket to New York over several railways, including the Texas Pacific, the Iron Mountain, the Wabash (to Detroit), and several others. The plaintiff. opened the valise en route at Big Springs, Tex., on the Texas Pacific Railroad, and saw it again at Danville, Ill., on the Wabash Line, when, as he claims, he found it had been broken open, and that some of the contents were missing. The defendant, the Wabash Railroad Company, gave evidence to prove that the valise was delivered in the state in which it was received by them, viz. in bad order and open, and that none of the contents were lost or abstracted while in its possession; also, evidence that the valise could have held no more than the articles in it when delivered.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Edwin R. Fox, pro se.
Williams & Ashley, for defendant.

DALY, P. J. The appellant is under a misapprehension concerning the law of this state applicable to cases like the present. Where several carriers unite to complete a line of transportation, a passenger who has delivered baggage in good condition to the first one of the series may bring his action against any subsequent one in whose hands he finds the baggage in a damaged condition, and can recover without proving that the particular company sued received the property uninjured, as the original good condition will be presumed to have continued up to the time the company sued received the property; but this presumption is not conclusive, and may be rebutted by proof upon the part of the company sued that the property was in fact damaged when received by defendant. In Smith v. Railroad Co., 43 Barb. 225, the court said:

"Give to such party the benefit of the presumption that the goods he has delivered in good order in such case continued so until they come to the possession of the company which delivers them at the place of destination in a damaged condition, and his rights will be completely protected. The burden is then shifted upon the latter company of proving that such goods came to its possession in a damaged condition, by way of defense." Affirmed 41 N. Y. 620.

In an action against a transfer company for injury to baggage, the railroad ticket for which was given to its agent before the plaintiff reached his destination, it is not incumbent upon the plaintiff to show that such baggage was in good condition when received by the defendant, but proof that it was delivered in good condition to the railroad company is sufficient to throw upon the defendant the burden of showing that it was not received by it in the same condition. Myerson v. Woolverton, 9 Misc. Rep. 186, 29 N. Y. Supp. 737. That company only is liable upon whose road the baggage is lost or destroyed. Kessler v. Railroad Co., 61 N. Y. 538; Milnor v. Railroad Co., 53 N. Y. 363. The language quoted by appellant from the decision in Hawley v. Screven, 62 Ga. 347: "When the company has paid McIntosh for the baggage, let it reimburse itself out of one of the links of the combination whose fault

or negligence lost it. The defendant company alone has the power to trace it and fix such responsibility,"—does not express the law of this state. In this case the defendant company sustained the burden which the law cast upon it, of showing that any loss of contents, as well as injury to the valise, happened before the property came into its possession; and the remedy of the plaintiff, therefore, is against some preceding company guilty of the wrong, and not against this defendant, whose responsibility did not commence until it received the baggage. Kessler v. Railroad Co., supra.

The judgment should be affirmed, with costs and disbursements. All concur.