a procedure which, by petition and citation, follows the method formerly practiced in the county courts, and which experience has shown to be the most efficient for securing notice to creditors, and for avoiding the preferences and irregularities that may be suffered by the general creditors if any particular one is permitted to have the control and direction of an accounting in which all should have equal rights. While the appellant is right, therefore, in his contention that he has two remedies, we think his error is in assuming that the election is with him, and that the court is powerless to regulate which remedy he shall pursue; and that upon the facts here appearing the trial judge was right in refusing to make the order and judgment applied for, and in remitting the plaintiff to his remedy by petition and citation, which is the procedure required by the rules.

The order, therefore, should be affirmed, but, as there appears to be no respondent, it should be without costs.

(19 App. Div. 366.)

### SPRINGER v. WESTCOTT.

(Supreme Court, Appellate Division, First Department.   July 2, 1897.)

EXPRESSMAN—LOSS OF GOODS—LIABILITY.

    Plaintiff delivered her trunk to a railroad company, receiving a check therefor, which she afterwards delivered to an express company to enable it to get the trunk. When the trunk was delivered to plaintiff, its contents were missing. In an action against the express company, *held*, that when the plaintiff had proved, prima facie, the delivery of the trunk to the express company in good order, it was not error to refuse to charge that, if the jury were unable to determine in whose possession the trunk was when its contents were stolen, the defendant was entitled to a verdict, irrespective of any other question.

    Williams, J., dissenting.

Appeal from trial term.

Action by Hannah Springer against Robert E. Westcott, as president of the Westcott Express Company. Judgment for plaintiff. Defendant appeals. Affirmed.

The plaintiff delivered a trunk to the New York Central Railroad Company for transportation to New York, and received a check therefor. While on the train for New York she gave her check to an agent of the Westcott Express Company, to enable it to get the trunk and deliver it at her hotel. When delivered the trunk was open and its contents gone. This action was brought against the defendant, as president of the Westcott Express Company, to recover the value of the contents of the trunk.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Austen G. Fox, for appellant.

B. F. Einstein, for respondent.

PATTERSON, J.   The appeal in this cause brings up now nothing of substance for review differing from what has already been settled by the decision of this court.   It was held on the last preceding appeal (2 App. Div. 295, 37 N. Y. Supp. 909) that, while the plaintiff was undoubtedly bound to prove the delivery of the trunk to the defendant

in its original condition, she did so prima facie when she showed that, after the defendant secured her check for the purpose of obtaining possession of the trunk from the railroad company, the defendant did obtain that possession, and it was then for the defendant to rebut the presumption that the railroad company delivered the trunk to it in the same condition as it was when it was checked. The evidence in the record now before us fails to show that the defendant has successfully rebutted the presumption referred to. There was no error committed in charging the jury on that subject, nor did the court err in refusing to charge that if, as between the defendant and the railroad company, the jury were unable to determine in whose possession the trunk was when the theft took place, the defendant would be entitled to a verdict, "irrespective of any other question." That request simply asked the court to instruct the jury to ignore that which was the determinate consideration in the case, namely, that it had been sufficiently shown, prima facie, that the defendant did obtain possession of the trunk in the condition in which it was when checked, and that hence the necessity existed for the defendant to rebut the presumption that it received the trunk in that condition. No other exception in the case requires discussion.

The judgment should be affirmed, with costs. All concur, except WILLIAMS, J., dissenting.