ant's agents, through design or inadvertence, stated the facts differently.

We fail to find in the record any evidence of facts constituting an estoppel upon the plaintiff to show the facts as they actually existed at the time the application was made, or that the insured was in any manner a party to the misrepresentation of the facts.

The judgment and order appealed from should be affirmed, with costs. All concur.·

(109 App. Div. 878)

### BERKOWITZ v. CHICAGO, M. & ST. P. RY. CO. et al.

(Supreme Court, Appellate Division, Second Department.    December 29, 1905.)

1. CARRIERS—CARRIAGE OF GOODS—CONNECTING CARRIERS.

   Where the complaint in an action against an initial and a terminal carrier for damages to freight alleged that the initial carrier delivered goods to the terminal carrier "at one of its connecting points," and the terminal carrier's answer denied every allegation of the complaint charging negligence on its part, and the initial carrier's answer alleged that it delivered the goods to the terminal carrier in good condition, the pleadings showed that the two carriers were connecting carriers and that the goods were delivered by the initial carrier to the terminal carrier.

2. SAME—DAMAGES TO GOODS—PRESUMPTIONS.

   Where goods delivered in a good condition to the initial carrier were delivered by the connecting carrier to the consignee in a damaged condition, the presumption was that the damage occurred while in the possession of the latter carrier.

   [Ed. Note.—For cases in point, see vol. 9, Cent. Dig. Carriers, § 841.]

3. SAME—LABILITY OF INITIAL CARRIER.

   In the absence of direct proof showing that goods delivered by a connecting carrier to the consignee were damaged while in possession of the initial carrier, the latter is not liable for any damage to the goods.

4. SAME—LIABILITY OF TERMINAL CARRIER—PRIMA FACIE CASE.

   The presumption that goods delivered in good condition to an initial carrier were delivered to the connecting carrier in good condition, and proof that the connecting carrier delivered them in a damaged condition to the consignee, established a prima facie case against the connecting carrier, and imposed on it the burden of showing a defense.

   [Ed. Note.—For cases in point, see vol. 9, Cent. Dig. Carriers, § 841.]

Appeal from Municipal Court.

Action by David Berkowitz against the Chicago, Milwaukee & St. Paul Railway Company and another.  From a judgment dismissing the complaint, plaintiff appeals.· Affirmed as to defendant the Chicago, Milwaukee & St. Paul Railway Company, and reversed as to defendant the New York Central & Hudson River Railroad Company.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, HOOKER, and MILLER, JJ.

M. Hallheimer, for appellant.

Hoffman Miller, for respondent Chicago, M. & St. P. Ry. Co.

Charles C. Paulding (Middleton A. Caldwell, on the brief), for respondent New York Central & H. R. R. Co.

HOOKER, J.  The plaintiff claims to have delivered freight in good condition to the defendant the Chicago, Milwaukee & St. Paul

Railway Company for carriage to New York City, and that when they reached New York they were badly damaged. They were brought into New York over the railroad of the New York Central & Hudson River Company, and this action is against both defendants. The plaintiff was nonsuited in the court below, and appeals.

The complaint alleges that the defendant "the Chicago, Milwaukee & St. Paul Railway Company carried the goods and delivered the same to the defendant the New York Central & Hudson River Railroad Company some time in the month of March or early part of April in the year 1904 at one of its connecting points with the road of the defendant the Chicago, Milwaukee & St. Paul Railway Company." The answer of the Central Company, after admitting that it is a domestic railroad corporation and a common carrier of goods, "denies, upon information and belief, each and every allegation of the complaint, charging fault, carelessness, and negligence on the part of the defendant, its agents, servants, and employés," and closes with the usual prayer. The allegations that the two roads are connecting carriers and that the goods were delivered by the St. Paul road to the Central must therefore be deemed to be admitted, for it is apparent that only those allegations of the complaint are denied which charge fault, carelessness, and negligence, and the allegation quoted charges neither.

The answer of the St. Paul road alleges affirmatively that:

"This defendant delivered said goods and personal property to the defendant the New York Central & Hudson River Railroad Company, and that when so delivered they were in the same condition as they were when received by this defendant, and that any loss or damage to said goods was caused while in transit on the roads controlled by the New York Central & Hudson River Railroad Company, and not while in transit by any road controlled by this defendant."

It was established, therefore, by the pleadings themselves, that as far as the law of liability as between and against connecting common carriers is concerned these two defendants were connecting carriers. The proof offered by the plaintiff tended clearly to establish that when the goods were delivered to the St. Paul road at Milwaukee they were in good condition, and that when they were seen by the plaintiff at the freighthouse of the defendant the Central road they were badly damaged. In this state of the proof, the presumption arose that they were delivered to the Central road in good condition, and the damage, if any, occurred while they were in the possession of that defendant. The rule has been correctly stated thus:

"Where the last carrier delivers the shipment to the consignee in an injured condition, the presumption is that the injury occurred on its line. A consignment in good order when delivered to the initial line is presumed to remain so." 6 Am. & Eng. Enc. of Law (2d Ed.) 625.

And again, in different language:

"In the case of a mere injury to the goods, no failure to deliver being shown, if the last carrier is sued for the damage resulting from the injury, the burden of proof will be upon it to show that the goods were delivered by it in the same condition in which they were received by it; the presumption being that the goods remained in the same state when delivered to it as when originally shipped." Id. 651, 652.

Although the court of last resort in this jurisdiction seems never to have spoken in regard to this rule, it cannot be doubted that such is the law in this state. The doctrine as stated was held in Smith v. New York Central R. R. Co., 43 Barb. 225, and that case was affirmed, but without opinion, in 41 N. Y. 620. It was cited with approval in Canfield v. Baltimore & Ohio R. R. Co., 75 N. Y. 144, 148. The same rule was held to prevail in Springer v. Westcott, 2 App. Div, 295, 37 N. Y. Supp. 909, and the Smith and Canfield Cases were cited as authorities. See, also, Fox v. Wabash Railway Co., 16 Misc. Rep. 370, 38 N. Y. Supp. 88; Myerson v. Woolverton, 9 Misc. Rep. 186, 29 N. Y. Supp. 737.

Applying this rule to the case at bar, it is clear that the nonsuit as to the defendant the St. Paul Company was properly granted; for, in the absence of direct proof showing in whose possession the goods actually were injured, the presumption arises that they were delivered to the last connecting carrier in good order, and this fact would, of course, absolve the St. Paul Company. Bearing in mind that common carriers are insurers while acting as such, the presumption that these goods were delivered to the Central Company in good order, coupled with the proof that they were brought to its freighthouse at the end of the journey in damaged condition, establishes a prima facie case against the Central Company, which imposed upon it the burden of showing some facts which might constitute a defense. The rule rests upon the recognized principle in the law of evidence, by which the burden of proof of a negative averment is cast upon a party purely because of his better ability to adduce proof upon the subject. Smith v. New York Central R. R. Co., supra.

The evidence of value was not as satisfactory as might be wished; but we are of the opinion that there was clearly some competent evidence upon this question, which called for its consideration upon the merits of the controversy.

The judgment should be affirmed as to the respondent the Chicago, Milwaukee & St. Paul Railway Company, with costs, and reversed as to the defendant the New York Central & Hudson River Railroad Company, and a new trial ordered; costs to abide the event. All concur.