### ECKSTEIN v. WOOLVERTON.

(Supreme Court, Appellate Term. June 30, 1908.)

1. CARRIERS—INJURY TO BAGGAGE—BURDEN OF PROOF.

Proof that a person delivered baggage in good condition to a carrier, and that it was delivered in a damaged condition by a transfer company at his residence, casts on the company the burden of showing that the baggage was transferred to it by the carrier in the condition in which it was delivered to the owner's residence.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Carriers, § 1562.]

2. SAME.

In an action against a transfer company for injuries to baggage received from a carrier for transportation to the owner's residence, the owner testified to the damaged condition of the baggage when delivered at his residence, but stated that he was not there at the time of delivery, but arrived about half an hour later. There was no evidence as to who received the baggage, or where it was deposited meanwhile. Held to authorize a judgment in favor of the company.

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Irving H. Eckstein against William W. Woolverton, as president of the New York Transfer Company. From a judgment of the Municipal Court in favor of defendant, plaintiff appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Herbert H. Maass, for appellant.

Hill, Lockwood, Redfield & Lydon (Joseph F. Russell, of counsel), for respondent.

MacLEAN, J. In his action to recover for damage to and loss of contents of a valise while in the possession of the defendant, the plaintiff testified that he delivered same in good condition to the New York, New Haven & Hartford Railroad Company, at Providence, R. I., for transportation to New York, and received a baggage check therefor; that while on the train he handed said baggage check to an agent of the defendant, with direction to deliver said valise at his residence, and paid the charge therefor; and that said valise was delivered at his residence in a damaged condition and certain of its contents missing.

Were there proper proof of its delivery at his residence in a damaged condition, the plaintiff would have been entitled to recover, because by proof that he delivered it in good condition to the railroad he cast the burden upon the defendant of showing that the valise was transferred to it by the railroad in the condition in which it was delivered by the defendant to the plaintiff; but of this there is no proof. Myerson v. Woolverton, 9 Misc. Rep. 186, 29 N. Y. Supp. 737; Berkowitz v. Chicago, M. & St. P. R. Co., 109 App. Div. 878, 880, 96 N. Y. Supp. 825. The only evidence of delivery in a damaged condition at the residence of the plaintiff is found in the testimony of the plaintiff, who, questioned as to whether he was at the house at the time the valise was received, answered:

"I was not there then, but I was there a short time afterwards—about half an hour."

There being no evidence as to who received the valise, or where it was deposited meanwhile, and until its discovery by the plaintiff himself, the trial justice rendered judgment in favor of the defendant, and this court may not disturb the determination. Canfield v. Baltimore & Ohio R. R. Co., 75 N. Y. 144.

Judgment affirmed, with costs. All concur.