BLOUNT v. PENNSYLVANIA R. Co.

(Supreme Court, Trial Term, Erie County.   November, 1908.)

1. CARRIERS (§ 180*) — CARRIAGE OF FREIGHT — LIABILITY FOR DAMAGE TO GOODS.

 A carrier of perishable freight, under a bill of lading stipulating for through shipment and providing that only the carrier in whose custody the goods were at the time of the loss should be liable therefor, is liable only for negligence occurring on its own line.

 [Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 815–828;  Dec. Dig. § 180.*]

2. CARRIERS (§ 185*)—THROUGH CARRIAGE OF FREIGHT—DAMAGES—LIABILITY —BURDEN OF PROOF.

 Where freight is delivered to a carrier for through transportation, the shipper, suing the terminal carrier for damage to the goods, need only show that he delivered the goods to the initial carrier in good order, and that the goods were damaged on their arrival at the point of destination, and the burden is then on the terminal carrier to show that they were not injured while in its possession.

 [Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 835–844;  Dec. Dig. § 185.*]

3. CARRIERS (§ 185*)—THROUGH CARRIAGE OF FREIGHT—DAMAGES—LIABILITY —BURDEN OF PROOF.

 In an action against the terminal carrier of perishable freight for damages to the goods, evidence *held* to show that the damages did not occur on its line, relieving it from liability therefor.

 [Ed. Note.—For other cases, see Carriers, Dec. Dig. § 185.*]

4. CARRIERS (§ 177*)—THROUGH CARRIAGE OF FREIGHT—LIABILITY OF TERMINAL CARRIER.

 A terminal carrier is not responsible for any defect in the car in which the goods were shipped under a contract for through carriage, where it did not furnish the car and was not the owner of it.

 [Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 775–803;  Dec. Dig. § 177.*]

Action by John W. Blount against the Pennsylvania Railroad Company.  Judgment of dismissal.

Edward P. White, for plaintiff.
Frank Rumsey, for defendant.

WHEELER, J.   It appears from the evidence that on the 27th of April, 1905, at a flag station called Glenn, on the Atlantic Coast Line Railroad, the plaintiff and several other parties made a shipment of a car load of strawberries to commission men in the city of Buffalo.   The last carrier over whose route the berries were transported was the defendant, by whom the berries were carried from Sunbury, Pa., to the city of Buffalo.   The shippers testify that the strawberries were in proper condition when shipped.   It is conceded that on their arrival at the city of Buffalo they were worthless.   There is no evidence of any delay in the transportation of the berries from Sunbury to Buffalo, or that the car could have been brought from the former to the latter place more expeditiously.   It was conceded by counsel at the trial that

the ice compartments in the refrigerator car were nearly full on its arrival at Buffalo. The bill of lading provided as follows:

"It is agreed, and is part of the consideration of this contract, that this through line, or any railroad forming part thereof, will not be responsible for the injury to or decay of fruit, vegetables, or other perishable freight, caused by detention in consequence of an accumulation of freight at any point, or of the breaking down of cars or locomotives, or from any other cause over which (these) companies have no control. In issuing through bills to points on or over connecting lines, this company acts only as agent, and assumes no responsibility as principal. And in case of loss or damage, whereby there is liability, that company shall alone be liable therefor in whose custody the same may be at the time of such loss or damage. Conditions of this bill of lading are hereby accepted by          J. W. Blount, Shipper.
"J. H. Loud, Agent."

The only possible conclusions to be reached from the evidence are that either the car was not in a proper condition to receive the berries when shipped, or there was a failure to re-ice the car on the part of some one of the carriers constituting the connecting lines, before the delivery of the berries in the city of Buffalo. While a carrier, in cases like this, is only liable for negligence occurring on its own route (Sherman v. Hudson R. R. Co., 64 N. Y. 254; Faulkner v. Hart, 82 N. Y. 413, 37 Am. Rep. 574; Canfield v. Baltimore & Ohio R. Co., 75 N. Y. 144; Farnsworth v. N. Y. C. & H. R. R. R. Co., 88 App. Div. 320, 84 N. Y. Supp. 658; Root v. Great Western R. R. Co., 45 N. Y. 524), nevertheless it appears also to be the law that where property is delivered to a railroad company, to be transported by it and another company over their respective roads to its place of destination, it is enough for the owner, in an action against the delivering company to recover damages for negligence, to show that he delivered the property to the first company in good order, and the burden is then cast upon the company delivering the goods thus damaged of showing that they were not injured while in its possession, or that they came to its possession thus injured. Smith v. N. Y. Central R. R. Co., 43 Barb. 225, affirmed in 41 N. Y. 620; Springer v. Westcott, 2 App. Div. 296, 37 N. Y. Supp. 909; Fox v. Wabash Ry. Co., 16 Misc. Rep. 370, 38 N. Y. Supp. 88; Canfield v. Baltimore & Ohio R. R. Co., 75 N. Y. 144, 148; Berkowitz v. Chicago, Mil. & St. P. R. R. Co., 109 App. Div. 880, 96 N. Y. Supp. 825.

The principal question then presented is whether the defendant in this case has met and overcome the presumption of negligence on its part which the law imposes. We think the defendant has satisfactorily shown that the damage to the berries in question must have been occasioned before the car in which the berries were shipped was delivered to the defendant. It appears the berries were loaded into the car in question on the 27th of April, at Glenn, S. C. The car was delivered to the defendant at Sunbury, Pa., at 10:20 p. m. of April 29th, and that it reached Renoro, on the defendant's line, five hours later on schedule time; that the car was there examined and found to contain 10,000 pounds of ice, which must have been in the car at the time it was received at Sunbury; that 500 pounds of ice was added at Renoro, which filled the compartments. The car arrived at the Alabama Street yard at 2:55 p. m. on the same day, and the consignee was noti-

fied in advance of its arrival, and there met it. It was at once opened, and the bunkers found to be seven-eighths full of ice. It is true that there is evidence that the drip pipes connected with the ice bunkers were defective, and that water was not running therefrom; but the evidence on the part of the defendant is (and this evidence is uncontradicted) that the clogging of the drip pipes, or defective drainage from the bunkers, would have no effect on the temperature inside the cars.

It appears that on the arrival of the berries in Buffalo, they were in a rotten condition, and were condemned by the health authorities of the city as worthless. It does not seem possible, if the berries had been delivered to the defendant in good condition at Sunbury at 10:20 the night before, that they would have been spoiled and been in the condition described when the car was opened. The day was not a hot day. The outside temperature was only about 48 degrees; whereas, the temperature of the car inside, when opened, is described as stifling, and probably as high as 75° to 85°, notwithstanding the ice in the bunkers. The night before had been cool, and the only fair inference to be drawn from the facts shown is that the intense heat inside the car was caused, not by the outside temperature, but by the heat caused by the decomposition and fermentation of the berries incident to their decay—a fact of common knowledge and experience under such conditions. Where decomposition is advanced, it could not be well expected that refrigeration would overcome the heat caused by decay.

It is argued that the defendant was responsible for defective car. I do not think the evidence shows the car was defective in any manner which affected the berries; but, if it were, it was not furnished by the defendant, and was not one of its cars, and it cannot, we think, be held responsible for any defects in the car itself. The probabilities all point to the berries having been damaged by reason of defective icing of the car while en route, and before the car was delivered to the defendant. It was en route several times longer before reaching Sunbury than it was from Sunbury to Buffalo, and we cannot find in accordance with the plaintiff's contention that the berries were damaged while on defendant's road.

We think the weight of evidence is against that contention, and therefore dismiss the plaintiff's complaint.