### PRICE v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Term. February 24, 1910.)

·CARRIERS (§ 185*)—INJURY TO FREIGHT—LIABILITY OF INITIAL CARRIER.

Where a carrier received household goods in good condition, and a storage company, receiving the same to transport to the shipper's residence, gave a receipt acknowledging that the goods, with the exception of two pieces, were in good order, and other pieces were injured when delivered to the shipper, the presumption was that the injury to the other pieces occurred while the goods were in the storage company's possession, relieving the carrier from liability, in the absence of evidence that the storage company delivered the goods in the same condition in which it received them from the carrier.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 835–838; Dec. Dig. § 185.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Barnett L. Price against the New York Central & Hudson River Railroad Company. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before SEABURY, GUY, and WHITNEY, JJ.

Alex. S. Lyman (Wm. Mann, of counsel), for appellant.

Jacob M. Grossman, for respondent.

SEABURY, J. Action to recover damages for injury to personal property alleged to have been caused by the negligence of the defendant. On August 25, 1908, at Schenectady, the plaintiff delivered to the defendant, a common carrier, a car load of household furniture in good condition consigned to the plaintiff in New York City. The furniture arrived at the station of the defendant in New York City on August 27, 1908, and was delivered to the O'Reilly Storage & Warehouse Company to transport to the residence of the plaintiff. The O'Reilly Storage & Warehouse Company discovered that two pieces of furniture were broken and gave the defendant a receipt which acknowledged that the entire shipment, with the exception of

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the two pieces of furniture referred to, was in good order. When the furniture arrived at the residence of the plaintiff, several other pieces of furniture were discovered to be broken.

There is no evidence in the record to show that the last carrier delivered the goods in the same condition in which it received them from the defendant. Upon the facts proved the presumption is that, with the exception of the two pieces of furniture which were broken when the defendant delivered the shipment to the O'Reilly Storage & Warehouse Company, the shipment was in good condition, and that the injury to the goods occurred while they were in the custody of the O'Reilly Storage & Warehouse Company. Berkowitz v. Chicago, Milwaukee & St. Paul Railroad Company, 109 App. Div. 878, 96 N. Y. Supp. 825.

The judgment against the defendant should therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.