JOAQUIN PEREIRA, Respondent, *v.* AMERICAN RAILWAY EXPRESS COMPANY, Appellant.

Second Department, January 11, 1924.

**Common carriers — action to recover value of contents of trunk shipped by express for delivery at steamship pier — few minutes after delivery trunk was examined and loss discovered — burden is on defendant to show that theft did not take place while trunk was in its possession — testimony of defendant's driver as to condition of trunk did not overcome plaintiff's prima facie case.**

In an action against a common carrier to recover the value of the contents of a trunk shipped by express for delivery at a steamship pier, the burden of proof is on the common carrier to show that the theft or loss of the contents did not take place while the trunk was in its possession, where the evidence on behalf

of the plaintiff shows that the trunk when delivered was locked and tied with a rope running both lengthwise and crosswise around the trunk, and that within a few minutes after its delivery at the steamship pier the trunk was examined and it was found that the lock was open, the rope was tied around the trunk only in one direction and that a large part of the contents had been removed.

Testimony by defendant's driver who delivered the trunk at the pier that he examined the locks on all the packages delivered at that time and that only one lock was in bad order, and that that was not on a trunk, but that he did not ascertain the condition of the ropes on the outside of plaintiff's trunk, does not overcome plaintiff's *prima facie* case.

APPEAL by the defendant, American Railway Express Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Westchester on the 26th day of December, 1922, upon the verdict of a jury rendered by direction of the court, and also from an order entered in said clerk's office on the 30th day of December, 1922, denying the defendant's motion for a new trial made upon the minutes.

*Ernest Freeland Griffin,* for the appellant.

*Earle P. Hite* [*William R. Condit* with him on the brief], for the respondent.

KAPPER, J.:

On November 26, 1920, the defendant undertook to transport plaintiff's trunk and contents from South Bethlehem, Penn., to the Fabre Line steamship pier in the borough of Brooklyn, city of New York. The trunk was delivered at said pier on November 29, 1920, somewhere between eleven and twelve o'clock in the forenoon. With this delivery defendant also delivered seven other pieces, whether trunks or packages does not appear. The Fabre Line baggageman received this delivery at the pier and receipted therefor. Plaintiff personally packed this trunk in South Bethlehem, the contents consisting chiefly of clothing and men's furnishings. After packing, he locked the trunk and tied a rope around it, placing the rope three times lengthwise and four times crosswise around the trunk. The plaintiff arrived at the Fabre Line pier at about twelve o'clock, evidently a very brief time after the trunk had been delivered by the defendant's driver. He saw his trunk in a " big pile of baggage, with some other trunks;" observed that the rope was around the trunk only crosswise, " the shortways of the trunk," and that the lock was open. He immediately went to the steamship office, to the baggage master, who accompanied him back to the pile of trunks and told him " to get the trunk down on the floor, and open it." Upon this being done, plaintiff discovered that all of the new articles of clothing and furnishings had been abstracted, and that only some old clothing was left in the trunk. He proved a value of $367.98, for which amount he

was given a judgment upon a verdict directed by the court, both parties requesting the direction of a verdict.

The single question now presented is, whether plaintiff made out a cause of action. The appellant argues that the " presumption is that the loss did not occur while in the hands of the Express Company and the burden was upon the plaintiff to overcome this presumption."

Plaintiff having testified to the delivery of the trunk and contents to the defendant at South Bethlehem, it must be assumed that the trial court found that to be the fact. Thereupon, the duty of the defendant as a carrier to deliver at the Fabre Line pier was created by law. This left for determination the single question of fact, whether such delivery was made by the defendant at the Fabre Line pier, or, on the other hand, did the loss occur while the goods were being transshipped by the defendant. To meet this, the defendant called the driver who is said to have delivered this and the other trunks and packages at the Fabre Line pier. This driver admitted that he did not examine the trunk " to see how the ropes were put on;" that he did not " look at the ropes," but that he examined the locks in all cases and claimed that only one was " in bad order " and that that was not a trunk.

Unless the trier of facts, in this case the learned trial justice by consent, was bound to believe this driver who was defendant's only witness, the judgment must stand as based upon established facts and inferences from such facts. It was not the plaintiff's burden to show that the theft took place while the trunk and contents were in defendant's possession. On the contrary, the burden was on the defendant of showing that the theft did not take place while the trunk and contents were in its hands and under its control. Where property lost in transportation has been placed in the hands of a carrier for delivery at its destination, the owner establishes a *prima facie* case by proving delivery of the property to the carrier, and the burden is then cast upon the latter of showing that they were not lost while in its possession. (See *Blount* v. *Pennsylvania R. Co.*, Erie Trial Term, WHEELER, J., 119 N. Y. Supp. 65, 66, and cases cited.) If further light could have been cast upon the situation by calling the baggage master at the Fabre Line pier, it was not plaintiff's obligation to call that witness in the circumstances here shown. It was the defendant's burden to come forward with facts constituting its defense of delivery of trunk and contents. " The rule rests upon the recognized principle in the law of evidence by which the burden of proof of a negative averment is cast upon a party purely because of his better ability to adduce proof upon the subject." (*Berkowitz* v.

*Chicago, Milwaukee & St. Paul R. Co.*, 109 App. Div. 878, 881.) Defendant's undertaking with plaintiff was to deliver his trunk and contents intact at the Fabre Line pier. Within a very brief number of minutes after defendant's delivery at the pier, plaintiff took possession of the trunk and found the contents stolen. He charges the defendant, as a common carrier, with a failure of duty. The defendant sought to prove that it made a delivery of the trunk and contents intact at the said pier, and asked that the inference be drawn that the loss was occasioned by some person or persons not under the defendant's control during the short period intervening between the delivery of the trunk at the pier and plaintiff's examination of it. The trial court was not satisfied with defendant's explanation, refused to adopt the inference suggested, and rendered judgment for plaintiff. I see no reason why we should interfere with the conclusion.

I advise that the judgment and order be affirmed, with costs.

Present — KELLY, P. J., JAYCOX, MANNING, YOUNG and KAPPER, JJ.

Judgment and order unanimously affirmed, with costs.