SIGMUND YATTER, Plaintiff, *v.* EMIL OSKAR HENRICH MATHIES and Others, Individually and as Copartners Doing Business under the Firm Name and Style of L. F. MATHIES & Co., and Others, Defendants.

Supreme Court, New York County, December 23, 1930.

*Lind, Shlivek, Marks & Brin* [*Max Shlivek* of counsel], for the plaintiff.

*Slayton & Jackson* [*G. Noyes Slayton* of counsel], for the defendant Royal Mail Steam Packet Company.

*Sutta & Frankel* [*Nathan Frankel* of counsel], for the defendant P. H. Keahon, Inc.

*Davis, Polk, Wardwell, Gardiner & Reed* [*Theodore Kiendl* of counsel], for the defendant Independent Warehouses, Inc.

*James A. Turley*, for the defendant J. J. Fitzhenry, Inc.

MULLAN, J. Plaintiff, suing under section 213 of the Civil Practice Act, asks judgment against whichever of the defendants is liable. Plaintiff's intestate, as shipper-consignee, packed bristles in ten casks and delivered them to a shipowner in Riga, Latvia. His investigation after suit brought showed that the original carrier is not liable. He named that carrier (Mathies & Co., a partnership) in the title, but did not serve them. For some unexplained reason he named an insurance company in the title, although its liability seems independent of that of the other parties. He did not serve it. The proof shows without contradiction that Mathies & Co. delivered in good order to Royal Mail Steam Packet Company (a defendant), which delivered in good order to P. H. Keahon, Inc. (a defendant), which delivered in good order to Independent Warehouses, Inc. (a defendant). On conflicting evidence I find that the warehouse delivered casks 1, 2, 3, 5, 6, 7, 8, 9 and 10 to defendant J. J. Fitzhenry, Inc., in good order, and that these casks were delivered by J. J. Fitzhenry, Inc., to plaintiff with a shortgage of 754 pounds of bristles. On sufficient evidence I find that the warehouse company delivered in good order cask No. 4 to P. H. Keahon, Inc.; that Keahon delivered said cask to the appraiser's stores, there being no evidence of the condition; that Keahon accepted redelivery from the appraiser's stores, there being insufficient evidence that a shortage was found in the stores; that upon delivery to plaintiff a shortage of 137½ pounds of bristles was found.

The cases (*S. & C. Clothing Co.* v. *United States Trucking Corporation*, 216 App. Div. 482; *Remington* v. *Barrett*, 196 id. 838; affd., 235 N. Y. 519, and *Pereira* v. *American Railway Express Co.*, 207 App. Div. 692) make the burden of proof in a case like the

present quite clear. Plaintiff may ask for alternative judgment against any of the parties provided he has joined all parties whose liability remains in doubt at the close of the case, and has omitted no person in respect of whose liability there remains a doubt at that time. It is not necessary to have joined parties whose non-liability is established by the proof. When the case is closed, the evidence must show that a certain amount of merchandise was delivered to a carrier, and that less was delivered to the consignee. The battle is then between the carriers, each endeavoring to shift the responsibility to some other defendant or to plaintiff. In this case Mathies is proved innocent. Then the Royal Mail proves its innocence. Ordinarily the presumption that the merchandise went forward intact prevails. Here we have evidence, outside of the presumption, that this merchandise reached the Independent Warehouses, Inc., intact. The warehouses produced Keahon's receipt in good order for cask No. 4. The warehouses produced Fitzhenry's receipt in good order for the other nine cases. Fitzhenry's truckman professes to remember after a lapse of seven years the exact circumstances of this delivery, and his testimony, if true, would contradict the receipt. I decline to be so credulous. The receipt has more weight than the oral testimony. Fitzhenry received the merchandise intact. Fitzhenry delivery it with a shortage. Fitzhenry is liable for the damage. As to the other cask (No. 4), P. H. Keahon, Inc., received it intact and has failed to shift responsibility to the appraiser's stores. It is liable for the damage. I strike out Mathies & Co. and the Latwijas Lloyds as parties.

I direct judgment for the defendant Royal Mail Steam Packet Company against the plaintiff. I direct judgment for the defendant Independent Warehouses, Inc., against the plaintiff. I shall direct judgment for the plaintiff against J. J. Fitzhenry, Inc., for the value of the shortage in the nine casks, without interest, when I am able to fix the amount. I shall direct judgment for the plaintiff against P. H. Keahon, Inc., for the value of the shortage in cask No. 4, without interest, when I am able to fix the amount. I grant an exception to each party as to each adverse ruling. I grant twenty days' stay of execution after entry of judgment and sixty days after notice of entry of judgment to make case. The bristles in cask No. 4 were more valuable per pound than those in some of the other casks, yet the value is given only in bulk for the entire shortage. Will counsel point out where in the evidence the proof of value as to cask No. 4 is found, or supply the proof by stipulation or evidence.